**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————

**No. 12-5049**

—————

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

DWIGHT ELLIS CARRINGTON,

        Defendant - Appellant.

—————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., Chief District Judge. (1:11-cr-00143-WO-1)

—————

Submitted: August 29, 2013       Decided: September 3, 2013

—————

Before DUNCAN, AGEE, and KEENAN, Circuit Judges.

—————

Affirmed by unpublished per curiam opinion.

—————

Michael E. Archenbronn, Winston-Salem, North Carolina, for Appellant. Michael A. DeFranco, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

—————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dwight Ellis Carrington appeals his conviction and sixty-month sentence imposed following his guilty plea to giving false or fictitious statements to acquire a firearm, in violation of 18 U.S.C. § 922(a)(6) (2006). On appeal, Carrington's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the district court committed sentencing error. Carrington has filed a pro se supplemental brief, raising additional sentencing issues. The Government has declined to file a response brief. Following a thorough review of the record, we affirm.

We review a sentence for reasonableness, applying a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41, 52 (2007). We first examine the sentence for "significant procedural error," including improper calculation of the Guidelines range, insufficient consideration of the 18 U.S.C. § 3553(a) (2006) factors, and inadequate explanation of the sentence imposed. Gall, 552 U.S. at 51. In announcing its sentence, the court must conduct an "individualized assessment based on the particular facts of the case before it." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted). It need not provide a "comprehensive, detailed opinion," so long as its

2

explanation is adequate "to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority." United States v. Engle, 592 F.3d 495, 500 (4th Cir. 2010) (internal quotation marks and alteration omitted).

If we find a sentence is procedurally reasonable, we also must consider the substantive reasonableness of the sentence under the totality of the circumstances. Gall, 552 U.S. at 51. A sentence must be "sufficient, but not greater than necessary" to satisfy the § 3553(a) factors. United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010) (quoting Kimbrough v. United States, 552 U.S. 85, 111 (2007)). A within-Guidelines sentence is presumed reasonable on appeal, and the defendant bears the burden to "rebut the presumption by demonstrating that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

Counsel first questions whether the district court procedurally erred in failing to adequately respond to his arguments for a below-Guidelines sentence or consider the § 3553(a) factors. However, the court expressly rejected Carrington's arguments for a downward departure, recognizing that prior lengthy sentences had not deterred him. In

3

announcing its sentence, the court specifically addressed the nature of the offense and Carrington's personal history and characteristics as possible mitigating factors but ultimately concluded that a sentence of sixty months was necessary to deter future crimes, to promote respect for the law, and to protect the public. We conclude that this individualized assessment adequately addressed the § 3553(a) factors and counsel's arguments, and we discern no procedural error in the sentence. Moreover, while counsel questions whether the sentence unduly emphasized Carrington's criminal history and was greater than necessary to meet the § 3553(a) factors, we conclude that Carrington fails to rebut the presumption of reasonableness accorded his within-Guidelines sentence. See Montes-Pineda, 445 F.3d at 379.

We also have reviewed Carrington's pro se supplemental brief but conclude that his arguments lack merit. Carrington asserts that the district court erred in basing Carrington's sentence on his need to participate in a specific substance abuse treatment program that he has been prohibited from attending. Carrington's argument is belied by the record, however. Although the court recommended Carrington for this treatment program, the sentencing transcript clearly indicates that the court did not base Carrington's sentence on the need for substance abuse treatment. Nor does the record support

4

Carrington's assertion that his sentence was based on any inaccurate information in the presentence report. While Carrington argues that the court impermissibly considered his alcohol use and related convictions in sentencing him, we conclude the court appropriately considered these factors in fashioning a sentence under 18 U.S.C. § 3553(a). Finally, insofar as Carrington challenges the court's refusal to depart downward from the Guidelines range, we lack authority to review this issue, as the record reveals that the court properly understood its authority to depart. See United States v. Brewer, 520 F.3d 367, 371 (4th Cir. 2008).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Carrington, in writing, of the right to petition the Supreme Court of the United States for further review. If Carrington requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Carrington.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

before this court and argument would not aid the decisional process.

AFFIRMED